IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL THOMAS, | ) |
| Petitioner, | ) Civil Action No. 09-1532 |
| v. | ) Judge Cercone |
| | ) Magistrate Judge Bissoon |
| MICHAEL C. BARONE, *et al.*, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Earl Thomas be dismissed *sua sponte* because it fails to assert a claim cognizable under 28 U.S.C. § 2254. It is further recommended that a certificate of appealability be denied.

### II. REPORT

Earl Thomas is a state prisoner who has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. He asserts that the Pennsylvania Department of Corrections has denied him appropriate medical treatment for tuberculosis and hepatitis during his incarceration.

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison

conditions.  Preiser, 411 U.S. at 499.  The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer, 288 F.3d at 542.

Here, a ruling in Thomas's favor, i.e., a ruling that he has been denied necessary medical treatment, would not change the fact or duration of his conviction or sentence.  Clearly, "no matter what the outcome of [Thomas's] habeas petition, neither the fact nor the length of his incarceration will be affected."  Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002).  Consequently, Thomas's remedy lies not in a habeas corpus action, but in a civil rights suit under 42 U.S.C. § 1983 and his federal habeas petition should be dismissed for failing to raise a claim cognizable under 28 U.S.C. §  2254.[1]

Finally, to the extent that Thomas would require one, a certificate of appealability should be denied because jurists of reason would not find it debatable whether he has stated a cognizable federal habeas claim.  See e.g.  Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

---

1. Indeed, Thomas raised identical allegations concerning the lack of necessary medical treatment in a prisoner civil rights case he filed at Civil Action No. 07-196.  The Complaint in that case was dismissed for failure to state a claim on November 27, 2007.

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by Earl Thomas be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 29, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

Dated: January 14, 2010

cc:
**EARL THOMAS**
CZ-9659
SCI Pine Grove
191 Fyock Rd
Indiana, PA 15701